# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| |
|---|
| ADAM M. BLOODGOOD,<br><br>             Petitioner,<br><br>  vs.<br><br>JOHN CONANT,<br><br>             Respondent. |

Case No. 3:15-cv-00020-TMB

## ORDER OF DISMISSAL

On February 6, 2015, Adam M. Bloodgood, a state prisoner representing himself, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2002 conviction and sentence for theft in Alaska Superior Court Case Number 3AN-02-08854CR.[1] Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2] If so, "the judge must dismiss the petition."[3]

Mr. Bloodgood states that he has raised none of the grounds for relief brought in his Petition in the state courts, on direct appeal or in a state post-

---

[1] Docket 1.

[2] Rules Governing § 2254 Cases in the United States District Courts, Rule 4. *See* 28 U.S.C. § 2243.

[3] *Id.*

conviction petition.[4]  But federal habeas relief is not available "unless the applicant has exhausted the remedies available in the courts of the State."[5]  That is, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must . . . giv[e] the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[6]  To satisfy the exhaustion requirement, a "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."[7]

The Supreme Court has explained that "[t]he exhaustion doctrine . . . is founded on concerns broader than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries."[8]

Thus, Mr. Bloodgood must bring each of his claims in the state trial court, the state appellate court and the state supreme court, before filing a federal

---

[4] Docket 1 at 5-11.

[5] 28 U.S.C. § 2254(b)(1)(A).

[6] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted).

[7] *Id.* (citations omitted).  In Alaska, a criminal defendant may request discretionary review by the Supreme Court.  *See* Alaska Statutes §§ 22.05.010, 22.07.020, 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[8] *Wood v. Milyard*, 132 S.Ct. 1826, 1833, ___ U.S. ___ (2012) (citations omitted).

petition.[9] Without satisfying the exhaustion requirement, this Court has no jurisdiction[10] to hear a challenge to his state conviction and/or sentence.[11]

Please be aware that there is a one-year limitations period in which to file a habeas petition,[12] and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond Mr. Bloodgood's control, which made it impossible to file his petition on time.[13] Although this time period is tolled (suspended) during the pendency of any state court post-conviction proceedings,[14] the United States Supreme Court has decided that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the

---

[9] *See Custer v. Hill*, 378 F.3d 968. 974-75 (9th Cir. 2004) (Petitioner who failed to reference his ineffective assistance of counsel claim in his petition for review in Oregon Supreme Court failed to exhaust his state court remedies with respect to issue, for purposes of federal habeas corpus petition).

[10] Jurisdiction is "[a] court's power to decide a case or issue a decree." *Black's Law Dictionary* (9th ed. 2009).

[11] 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin*, 541 U.S. at 29.

[12] 28 U.S.C. § 2244(d)(1).

[13] *Calderon v. U.S. Dist. Court for Central Dist. of Cal.,* 128 F.3d 1282, 1288 (9th Cir. 1997); *but see Allen v. Lewis*, 255 F.3d 798, 800-801 (9th Cir. 2001) (the time is not tolled where prisoner's transfer between state prisons occurred at the beginning of the limitations period and was not the proximate cause of the prisoner's failure to file on time).

[14] *See Hasan v. Galaza*, 254 F.3d 1150, 1153-54 (9th Cir. 2001) (under § 2244(d)(2), the limitations period is tolled while a state habeas petition is pending); *Tillema v. Long*, 253 F.3d 494, 499-502 (9th Cir. 2001) (the period of limitation is tolled during the pendency of a state challenge to the pertinent judgment, even if that challenge does not include a claim later asserted in the federal habeas petition).

meaning of 28 U.S.C. § 2244(d)(2)."[15]  Thus, the time during which Mr. Bloodgood has had an action pending in this Court, since not an "application for *State* post-conviction or other collateral review," does not toll, in other words stop or pause, that one-year time period.  So, in the event that the one-year limitations period has not yet run, Mr. Bloodgood should promptly begin exhausting his state court remedies, or risk the running of the statute of limitations, forever barring relief in federal court.[16]

**IT IS THEREFORE ORDERED:**

1. This case is DISMISSED.  Mr. Bloodgood may file a timely new case in this Court after all issues that he seeks to raise are exhausted in the state courts by presentation first to the Alaska Superior Court then, if Mr. Bloodgood disagrees with that result, to the Alaska Court of Appeals and

---

[15] *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) ("We hold that section 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending"); *Fail v. Hubbard*, 315 F.3d 1059, 1062 (9th Cir. 2001) ("the delay in this case was not beyond Fail's control. By continuing to press his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court, Fail was the cause of the delay that ultimately made his second petition untimely.").

[16] Blood is further cautioned that the Court may entertain a petition for habeas corpus only if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Chaker v. Crogan,* 428 F.3d 1215, 1219 (9th Cir. 2005), *cert. deni*ed, 547 U.S. 1128 (2006) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.") (citations omitted).  Thus, Bloodgood must still be "in custody" as to the conviction and/or sentence he challenges at the time he files a federal petition, or the petition will be dismissed.

then, if he disagrees with that result, in a petition for hearing to the Alaska Supreme Court.

2. Any outstanding motions are DENIED.

3. The Clerk of Court will enter a Judgment in this case.

4. A Certificate of Appealability will be DENIED.[17]

Dated at Anchorage, Alaska this 25th day of February, 2015.

                                          /s/ Timothy M. Burgess
                                          TIMOTHY M. BURGESS
                                          U.S. DISTRICT JUDGE

---

[17] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first.").